UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

INDONY JEAN BAPTISTE and
DRIX JEAN BAPTISTE,

        Plaintiffs,

vs.

        Civil Action No.: 3:11cv73

CITY OF CHARLES TOWN, WEST VIRGINIA, and
AND FIVE UNKNOWN POLICE OFFICERS, JOHN DOES 1-5,

        Defendants.

FILED
AUG 31 2011
US DISTRICT COURT
MARTINSBURG, WV 25401

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Indony Jean Baptiste and Drix Jean Baptiste, state as follows their complaint against Defendants:

### JURISDICTIONAL STATEMENT

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331 and 1343, under 42 U.S.C. 1983 and under 28 U.S.C. 1367. This action arises under the United States Constitution, 42 U.S.C. 1983, and state common law. This action seeks redress for violations of federal constitutional law for false arrest and denial of equal protection and false arrest under state law.

### PRELIMINARY STATEMENT

2. Plaintiffs Indony Jean Baptiste and Drix Jean Baptiste are brothers and black men of Haitian descent who were arrested without probable cause, handcuffed, taken from the Old Charles Town Library and transported to the Charles Town Police Department for interrogation by Charles Town police officers investigating the alleged passing of bad checks by a black male at the Bank of Charles Town. Plaintiffs were targeted for this unlawful arrest and interrogation

solely on the basis of their race in violation of their right to equal protection under the law. Defendants detained Plaintiffs for approximately two hours and permitted them to leave only after they submitted to being photographed and fingerprinted.

## PARTIES

3. Plaintiffs are and were at all relevant times citizens of Haiti currently residing in the United States.

4. Defendant City of Charles Town is a unit of local government organized under the laws of the State of West Virginia. Defendant City of Charles Town is a "person" under 42 U.S.C. 1983 and at all times relevant to this case acted under color of law.

5. Defendants John Does 1 through 5 are unknown police officers employed by the City of Charles Town. Defendants are "persons" under 42 U.S.C. 1983 and at all times relevant to this case acted under color of law. They are sued in their individual and official capacities.

## FACTS

6. On March 31, 2011, plaintiffs traveled from Ranson, West Virginia to the Charles Town Courthouse where Indony Jean Baptiste had an appointment to meet his fiancé to obtain a marriage license.

7. After reviewing the marriage document requirements, plaintiff's fiancé left the Courthouse to go to the Division of Motors Vehicles to obtain a change to her driver's license. Plaintiffs went to the post office across from the Courthouse where Indony Jean Baptiste mailed a letter.

8. While at the post office, the plaintiffs observed three police officers, including a grey haired elderly sergeant [herein, designated as "John Doe 1"] arresting a black male and escorting him to a police vehicle.

9. After leaving the post office the plaintiffs went to the Old Charles Town Library where they were to meet Indony Jean Baptiste's fiancé. Plaintiff Drix Jean Baptiste went to the rear of library to read books while Indony Jean Baptiste checked emails at the library's computer.

10. At approximately 11:20 a.m., plaintiff Indony Jean Baptiste heard his brother call for help. When he approached the table where his brother was sitting, he observed John Doe 1 with two additional police officers [herein designated "John Doe 2" and "John Doe 3"] holding his brother's passport and attempting to question him.

11. Plaintiff Indony Jean Baptiste asked John Doe 1 if he could be of assistance as his brother could understand but not speak English. John Doe 1 asked both plaintiffs to produce identification and questioned them about their names, dates of birth and addresses. Plaintiffs cooperated fully with the police in providing identification and answering questions. Plaintiff Indony Jean Baptiste advised the officers that he was at one time a deputy with the Loudoun County Sheriff's Department in Virginia.

12. John Doe 1 instructed the plaintiffs to place their hands behind their backs and they were handcuffed and escorted out of the library by John Does 1-3 where they were placed in separate police cruisers and transported to the Charles Town Police department.

13. Plaintiff Drix Jean Baptiste was incarcerated in a small room while Indony Jean Baptiste was handcuffed to a chair and questioned by a detective and another police officer [herein designated as John Doe 4 and John Doe 5].

14. Plaintiff Indony Jean Baptiste eventually refused to answer any more questions unless John Doe 4 explained whether they were under arrest and what the charges were.

15. John Doe 4 stated that the plaintiffs were not under arrest and that they had been brought to the station because the police had arrested a black man who refused to answer questions and the bank manager of the Bank of Charles Town had seen the plaintiffs in the area after the arrest and "thought you two were with the guy".

16. John Doe 4 told the plaintiffs that before they could be released they must be fingerprinted and photographed.

17. Defendants eventually released the plaintiffs and escorted them to their vehicle at the police parking lot where it had been towed after being searched by the police.

18. Plaintiffs were in the custody of the police for approximately two hours.

19. Defendant City of Charles Town's policies, customs and practices regarding arrest procedures were a moving force behind the plaintiffs' illegal arrest.

20. Defendant City of Charles Town's failure to adequately train and supervise its officers in basic arrest procedures and the laws and procedures governing search and seizure was a moving force behind the plaintiffs' illegal arrest.

21. Defendants' illegal arrest and detention of the plaintiffs resulted humiliation, embarrassment and emotional distress to the plaintiffs.

## FIRST CLAIM FOR RELIEF: FEDERAL FALSE ARREST

22. Plaintiffs incorporate by reference all previous allegations contained in the paragraphs numbered 1 through 21.

4

23. Defendants' false arrest of the plaintiffs violated the 4th Amendment of the United States Constitution.

24. Defendants' illegal search of the plaintiffs' vehicle violated the 4th Amendment of the United States Constitution.

## SECOND CLAIM FOR RELIEF: DENIAL OF EQUAL PROTECTION

25. Plaintiffs incorporate by reference all previous allegations contained in the paragraphs numbered 1 through 24.

26. Plaintiffs were racially profiled and arrested based on their race in violation of the Equal Protection Clause of the 14th Amendment of the United States Constitution

## THIRD CLAIM FOR RELIEF: COMMON LAW FALSE ARREST

27. Plaintiffs incorporate by reference all previous allegations contained in the paragraphs numbered 1 through 26.

28. Defendants' falsely arrested the plaintiffs in violation of West Virginia common law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that this Court award them:

A. Compensatory damages in an amount to be shown at trial;

B. Punitive damages against Defendant John Does 1-5 in an amount to be shown at trial;

5

C. Costs incurred in this action and reasonable attorney fees under 42 U.S.C. 1988;

D. Prejudgment and post judgment interest;

E. Such other and further relief as this Court may deem just and proper.

                                          **INDONY JEAN BAPTISTE and**
                                          **DRIX JEAN BAPTISTE,**
                                          By Counsel

                                          */s/ Harry P. Waddell*
                                          HARRY P. WADDELL WV Bar No. 3883
                                          300 West Martin Street
                                          Martinsburg, West Virginia 25401
                                          (304) 263-4988
                                          (304) 262-2498 (fax)
                                          Email: Hwad50@aol.com